**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF OREGON**

| | |
|---|---|
| **SHAWN MICHAEL NEWCOMB**, | Case No. 6:25-cv-00676-IM |
| Petitioner, | **OPINION AND ORDER** |
| v. | |
| **COREY FHUERE**, Superintendent, Oregon State Penitentiary, | |
| Respondent. | |

**IMMERGUT, District Judge.**

Petitioner Shawn Michael Newcomb ("Newcomb"), an adult in custody at the Oregon State Penitentiary, filed this habeas corpus action pursuant to 28 U.S.C. § 2254 ("Section 2254") challenging the Oregon Board of Parole and Post-Prison Supervision's ("Board") 2021 decision to make no changes to Newcomb's parole status (ECF No.1). Because Newcomb's claims are procedurally defaulted, the Petition for Writ of Habeas Corpus (ECF No. 1) must be denied.

///

///

PAGE 1 – OPINION AND ORDER

## BACKGROUND

In the early morning hours of March 3, 1984, Portland Police officers discovered in a parking lot a woman who was naked from the waist down, gasping for air, spitting blood, and jerking violently on the pavement. (Resp't Exs., Ex. 103 at 22,[1] ECF No. 15.) The woman was declared dead on arrival at a local hospital, and an autopsy revealed that she had been stabbed several times in the neck, chest, and back. (*Id.*) Several witnesses reported seeing Newcomb with the woman in the hours before her death. (*Id.*)

Approximately one month later, law enforcement arrested Newcomb in Reno, Nevada. (*Id.*) When interviewed, Newcomb admitted to having sexual intercourse with the woman before physically confronting her about allegedly stealing money from his wallet. (*Id.*) Newcomb recalled kicking the woman and punching her several times in the chest but did not remember having a knife in his hand. (*Id.*) When asked who he thought had stabbed the woman, Newcomb replied that it was "probably me." (*Id.*) Newcomb ultimately pleaded guilty to one count of Murder, and the trial court imposed an indeterminate life sentence. (*Id.* at 29.)

In January 2003, the Board released Newcomb on parole. (*Id.* at 86, 90.) Eight months later, however, the Board revoked Newcomb's parole after he was found to have violated a special parole condition by failing to inform his parole officer that he had engaged in a "dating" relationship with two women. (*Id.* at 92, 151.) The Board subsequently declined to re-release Newcomb, finding that he could "not be adequately controlled in the community." (*Id.* at 153.) The Board specified that its findings resulted "in a true life sentence." (*Id.*) The Oregon Court of

---

[1] When citing Respondent's Exhibits, the Court refers to the exhibits page numbers located in the lower right corner of each exhibit.

Appeals affirmed without opinion. *Newcomb v. Bd. of Parole and Post-Prison Supervision*, 225 Or. App. 691, 202 P.3d 289 (2009) (table).

In April 2021, Newcomb sent a letter asking the Board "to reconsider its prior 2003 order denying . . . all future parole consideration[.]" (Resp't Ex. 103 at 159.) Newcomb argued that reconsideration was necessary given his progress in prison and the Oregon Supreme Court's decision in *Penn v. Bd. of Parole and Post-Prison Supervision*, 365 Or. 607, 451 P.3d 589 (2019), which Newcomb alleged "brought into question whether the parole condition for which [he] was violated was a legal condition." (*Id.*) In response, the Board scheduled a "personal interview hearing," specifically explaining that such hearing is "discretionary" and would be conducted for the purpose of "review[ing] [Newcomb's] progress since [his] last hearing." (*Id.* at 175.)

Prior to the hearing on November 3, 2021, Newcomb and his legal team submitted for the Board's review a lengthy supporting memorandum and materials documenting his progress while incarcerated. (*Id.* at 177-214.) Newcomb also testified at length during the hearing, answering the Board's questions about his background, substance abuse history, and crime. (*Id.* at 232-300.) Contrary to his previous statements, however, Newcomb claimed before the Board that he had no memory of the murder because he "was in another place" after sniffing glue throughout the day. (*Id.* at 234.) He told the Board that several of his prior statements to various parties about the murder "were not true" and that he had "created and fabricated that story" because he could not remember what happened and "was a coward." (*Id.* at 233.)

After the hearing, the Board unanimously elected "not to make any changes to [Newcomb]'s parole status[,]" memorializing its decision in Board Action Form 22 ("BAF 22"). (*Id.* at 341.) The Board explained that it based its decision on a combination of factors, including

PAGE 3 – OPINION AND ORDER

Newcomb's "changing stories regarding his motive and recollection of the brutal sexual assault and murder[,]" his failure to understand or take responsibility for his past sexual offending, and his minimization of a 2014 prison disciplinary violation. (*Id.*) Although Newcomb sought administrative review of BAF 22, the Board adhered to its decision. (Resp't Ex. 103 at 344-49.)

Newcomb then sought judicial review in the Oregon Court of Appeals, asserting in his counseled appellate brief that Oregon Revised Statute ("ORS") § 144.395 required the Board to adopt rules governing "when, and under what circumstances, an inmate who has been denied rerelease can subsequently be released[,]" and that in the absence of such rules the Board's decision "was arbitrary and *ad hoc*." (Resp't Ex. 105 at 2.) Newcomb also filed a supplemental appellate brief *pro se*, raising the following assignments of error:

> [1]  After reopening petitioner's case, the Board erred when it failed to address petitioner's claim that his parole was improperly violated based on an illegal condition of parole as described in *Penn v. Board of Parole and Post-Prison Supervision*, 365 Or. 607, 451 P.3d 589 (2019).
>
> [2]  The Board erred when it failed to release petitioner [in 2021] even though he met the legal requirements for release.
>
> [3]  The Board erred when it failed to release petitioner in 1994 and he continues to be eligible for release now.

(Resp't Ex. 106 at 2-3.)

In a written decision, the Oregon Court of Appeals denied relief. *Newcomb v. Bd. of Parole and Post-Prison Supervision*, 333 Or. App. 660, 661-62 (2024) (unpublished). With respect to the claim raised in his counseled brief, the Court of Appeals noted that Newcomb had argued before the Board that its "failure to identify the standards governing the personal interview violated his right to due process[,]" not that the Board must engage in rulemaking pursuant to ORS § 144.395. *Id.* at 661. The Court of Appeals explained that because Newcomb "did not provide the [B]oard an opportunity to address the argument he makes on appeal, he

PAGE 4 – OPINION AND ORDER

neither preserved it for review nor exhausted his administrative remedies." *Id.* The Oregon Court of Appeals thus rejected Newcomb's counseled claim. *Id.*

With respect to his supplemental claims, the Court of Appeals concluded that Newcomb's first and third supplemental assignments of error challenging the Board's decisions to revoke his parole in 2003 and to deny release in 1994 "precede[d] the 2021 personal interview" and therefore fell "outside the scope of the [B]oard decision under review[.]" *Id.* The Court of Appeals further concluded that although the second supplemental assignment of error challenged "multiple aspects of the [2021] discretionary interview proceeding," such challenges did "not appear to have been raised to the [B]oard and are thus unpreserved and unexhausted." *Id.* at 662. The Court of Appeals thus rejected Newcomb's supplemental claims and affirmed the Board's decision. *Id.*

Newcomb then sought review in the Oregon Supreme Court, renewing the state-law argument presented in his counseled appellate brief but omitting the additional assignments of error raised in his *pro se* supplemental brief. (Resp't Ex. 109 at 7-9.) The Oregon Supreme Court denied review. (Resp't Ex. 110.)

On April 24, 2025, Newcomb filed a petition for federal habeas corpus relief, reproducing in a single ground for relief sections of his supplemental *pro se* appellate brief. (*Compare* Pet. at 4-5, ECF No. 1, *with* Resp't Ex. 106 at 11-14, 42-43.) Newcomb appears to argue here, as he did on appeal, that the Board (1) "illegally denied release" in 1994; (2) unlawfully revoked his parole in 2003 "based on a parole condition that the Oregon Supreme Court deemed to be illegal in *Penn*[;]" and (3) wrongfully refused in 2021 "to reopen his case and reconsider the illegal condition of parole imposed[.]" (Pet. at 5.) Newcomb thus claims that

PAGE 5 – OPINION AND ORDER

the Board "denied [his] due process rights guaranteed by the Fifth and Fourteenth Amendments to the United States Constitution when the Board denied re-release."

Respondent urges this Court to deny habeas relief, arguing that Newcomb's claims are procedurally defaulted and outside the scope of the Board decision under review. (Resp. to Pet. at 6-11, ECF No. 13.) Newcomb did not file a supporting brief or otherwise respond to Respondent's arguments.[2] Newcomb therefore has failed to sustain his burden of demonstrating that he is entitled to habeas relief. *See Silva v. Woodford*, 279 F.3d 825, 835 (9th Cir. 2002) (recognizing that a habeas petitioner carries the burden of proving his case). Nevertheless, this Court has thoroughly reviewed the existing record and agrees that Newcomb is not entitled to habeas relief in this case.

## **DISCUSSION**

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, thereby giving the State the opportunity to pass upon and correct alleged violations of prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (simplified). To exhaust state remedies, a habeas petitioner must fairly present federal constitutional claims to each appropriate state court, including the state's supreme court with powers of discretionary review. *Id.*; *see also Cooper v. Neven*, 641 F.3d 322, 326 (9th Cir. 2011) (explaining that "[e]xhaustion requires the petitioner to 'fairly present' his claims to the highest court of the state"). If a petitioner failed to present his claims to the state courts in a procedural context in which the merits of the

---

[2] On December 29, 2025, this Court ordered Newcomb to show cause in writing by January 30, 2026 why he failed timely to file a supporting brief and warned that his failure to respond would result in this Court taking the petition under advisement on the existing record. (ECF No. 21.) To date, Newcomb has not filed a supporting brief.

PAGE 6 – OPINION AND ORDER

claims were actually considered, the claims have not been fairly presented to the state courts and are barred from federal review. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000). In this respect, a petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule, or failed to raise the claim at the state level at all. *Carpenter*, 529 U.S. 446, 451(2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Fair presentation required Newcomb to raise his claims to the Oregon Supreme Court in a procedural context in which it would assess the merits of his claims. As Respondent points out, Newcomb's challenges to the Board's decisions denying release in 1994 and revoking his parole in 2003 are "outside the scope of the board decision under review[,]" *Newcomb*, 333 Or. App. at 661, and he otherwise failed to assert the federal nature of his supplemental claims before the Oregon Court of Appeals, *see Gray v. Netherland*, 518 U.S. 152, 162-63 (1996) (explaining that fair presentation requires a petitioner to alert the state courts to the "specific constitutional guarantee" at issue and provide "a statement of the facts that entitle [him] to relief"). More importantly, however, Newcomb did not include the instant claims in his petition for review to the Oregon Supreme Court, and thus the highest state court did not have an opportunity to pass on the merits of those claims. (Resp't Ex. 109.) Newcomb therefore failed fairly to present his claims, and because he can no longer do so, they are procedurally defaulted. *See* ORS § 144.335(4) (instructing that a person seeking review of a final Board order "shall file a petition for judicial review with the Court of Appeals within 60 days after the date the [B]oard mails the order disposing of the person's request for administrative review"). Because the record provides no basis on which Newcomb might overcome the default, his claims are barred from federal review.

## **CONCLUSION**

For the reasons stated, this Court DENIES the Petition for Writ of Habeas Corpus (ECF No. 1), with prejudice. Because Newcomb has not made a substantial showing of the denial of a constitutional right, this Court declines to issue a certificate of appealability. *See* 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

DATED this 18th day of May, 2026.

/s/ Karin J. Immergut

Karin J. Immergut
United States District Judge